IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              CASE NO. 4:22-CR-00275-BSM

COURTNEY JENKINS, JR.                                                       DEFENDANT

### ORDER

Courtney Jenkins, Jr.'s pro se motion to vacate, set aside, or correct his sentence [Doc. No. 38] pursuant to 28 U.S.C. section 2255 is denied.

Jenkins pled guilty to interstate transmission of a ransom demand and was sentenced to sixty months' imprisonment—an upward variance. Doc. No. 36. In support of his motion, Jenkins argues that counsel was ineffective and that error was committed when he was not permitted to withdraw his plea.

Jenkins's ineffective assistance of counsel claim is denied. To prove this claim, Jenkins must show that he was prejudiced by counsel's deficient performance. *See Buck v. Davis*, 580 U.S. 100, 118 (2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Jenkins has failed to show that counsel committed errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. This is true because Jenkins was not prejudiced by counsel's failure to advise him to withdraw his plea. Indeed, I would not have permitted Jenkins to withdraw his plea because nothing in the record shows that there was "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Although Jenkins contends that he and the

government agreed that he would receive a guidelines sentence, [Doc. No. 36 at 5], this is contradicted by the plea agreement. For example, the plea agreement explicitly states that: (1) the "parties are free to recommend whatever sentence they deem appropriate pursuant to 18 U.S.C. 3553(a);" (2) Jenkins understood "that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court;" and (3) the parties understood and agreed that if "the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea." [Doc. No. 31 at 5, 8-9] Moreover, the record clearly shows that knowingly and voluntarily entered into the plea agreement.

Jenkins's claim regarding error is denied for three reasons. First, Jenkins is simply misguided in his belief that I violated the plea agreement by giving him an above-guidelines sentence. Second, Jenkins is also misguided in his belief that the sentence is substantively unreasonable because the upward variance was supported by the record and the 3553(a) factors. Finally, Jenkins's challenge to the substantive reasonableness of his sentence is procedurally defaulted because it was not raised on direct appeal. *See* Doc. No. 31 at 2–3.

There is no need to conduct an evidentiary hearing because the record conclusively shows that Jenkins is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014). Furthermore, no certificate of appealability is issued because Jenkins has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §

2253(c)(2).

      IT IS SO ORDERED this 29th day of August, 2025.

                                                              _____
                                                               UNITED STATES DISTRICT JUDGE